1  PAUL L. REIN, Esq. (SBN 43053)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA  94612
   Telephone:  510/832-5001
4  Facsimile:  510/832-4787
   reinlawoffice@aol.com
5
   Attorneys for Plaintiff
6  ARTHUR RENOWITZKY

7

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

11 ARTHUR RENOWITZKY,              CASE NO.
                                   Civil Rights
12       Plaintiff,
                                   COMPLAINT FOR INJUNCTIVE RELIEF
13       v.                        AND DAMAGES:  COMPLAINT FOR
                                   PRELIMINARY AND PERMANENT
14 STONEBRAE CLUB PARTNERS,        INJUNCTIVE RELIEF AND DAMAGES:
   LLC dba TPC STONEBRAE; and      DENIAL OF CIVIL RIGHTS AND ACCESS
15 DOES 1-10, INCLUSIVE,           TO PUBLIC FACILITIES TO PHYSICALLY
                                   DISABLED PERSONS, PER FEDERAL
16       Defendants.               AND CALIFORNIA STATUTES (including
                                   CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55;
17                                 and HEALTH & SAFETY CODE §§ 19953 *et
                                   seq.*); INJUNCTIVE RELIEF PER TITLE III,
18                                 AMERICANS WITH DISABILITIES ACT
                                   OF 1990 (including 42 USC §§ 12181 *et seq.*)
19
                                   DEMAND FOR JURY TRIAL
20

21       Plaintiff ARTHUR RENOWITZKY complains of Defendants STONEBRAE

22 CLUB PARTNERS, LLC; and DOES 1-10, Inclusive, and each of them, and alleges as

23 follows:

24       1.    **INTRODUCTION:** This case involves the denial of accessible public

25 facilities to a person with paraplegia at a pro golfing event open to the public, hosted by

26 Defendant STONEBRAE CLUB PARTNERS, LLC and its agents.  Defendants told

27 plaintiff he could not enter Defendants' clubhouse and use its restroom because it was a

28 "VIP-Only" area.  Plaintiff was forced to twice change his catheter in open public space

                        1
       COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   because there were no accessible restrooms for him on the premises.  Inaccessible features

2   of the golf course included inaccessible parking, paths of travel, concessions areas,

3   viewing platforms, restrooms, and related facilities.  These facilities were inaccessible to

4   Plaintiff ARTHUR RENOWITZKY and other similarly disabled persons at the TPC

5   Stonebrae (the "Golf Course") located at 222 Country Club Drive, Hayward, California.

6   Plaintiff ARTHUR RENOWITZKY is a "person with a disability" or "physically

7   handicapped person."  Plaintiff is disabled by paraplegia and requires the use of a

8   wheelchair for locomotion.  Plaintiff is unable to use portions of public facilities which

9   are not accessible to mobility disabled persons, including those who require the use of a

10  wheelchair.  He requires regular periodic use of restrooms to empty and replace his

11  catheter and catheter bag.  Failure to do so can result in infections that may require

12  hospitalization or other negative health consequences.  On or about August 4, 2017,

13  Plaintiff was denied his rights to full and equal access at these facilities, and was denied

14  his civil rights under both California law and federal law, and continues to have his rights

15  denied, because these facilities were not, and are not now, properly accessible to

16  physically disabled persons, including those who use wheelchairs.  Plaintiff seeks

17  injunctive relief to require Defendants to make these facilities accessible to disabled

18  persons and to ensure that any disabled person who attempts to patronize the subject Golf

19  Course will be provided accessible facilities.  Plaintiff also seeks recovery of damages for

20  his discriminatory experiences and denial of access and of civil rights, which denial is

21  continuing as a result of Defendants' failure to provide disabled accessible facilities.

22  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and

23  costs, under federal and state law.

24          2.          **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28

25  USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC

26  §§ 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action

27  arising from the same facts are also brought under California law, including but not

28  limited to violations of Health & Safety Code §§ 19953-19959; California Civil Code

2

§§ 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations.

3.      **VENUE:**  Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

4.      **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

5.      **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk due to paraplegia and who requires use of a wheelchair for locomotion.  He also owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible parking space.  He has been issued a California state placard for disabled parking.  Defendants STONEBRAE CLUB PARTNERS, LLC dba TPC STONEBRAE; and DOES 1-10, Inclusive, are the owners, operators, lessors, and/or lessees of the business, property, buildings, and/or portions thereof located at 222 Country Club Drive, Hayward, California, and known as the "TPC STONEBRAE."  The Golf Course is a place of "public accommodation and business establishment" subject to the requirements of multiple categories of § 301(7) of the Americans with Disabilities Act of 1990, of California Health & Safety Code §§ 19953 *et seq.*, of California Civil Code §§ 51 *et seq.*, and of California Civil Code §§ 54 *et seq*.  It holds events that are open to the public, such as a pro golf tournament that Plaintiff attended on August 4, 2017, as a spectator with a ticket.

6.      On information and belief, this Golf Course and its facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq*., and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of § 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.

3

Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990, as defined by ADA § 12181(9).

7.     The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8.     Defendants STONEBRAE CLUB PARTNERS, LLC dba TPC STONEBRAE; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint.  Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.  The legal status of Defendants DOES 1-10 are unknown at this time.

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
**IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**

9.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 8, above, and incorporates them herein by reference as if separately repled hereafter.

10.     Plaintiff ARTHUR RENOWITZKY and other similarly situated physically disabled persons, including those who require the use of a wheelchair or other assistive

4

1    device, are unable to use public facilities on a "full and equal" basis unless each such

2    facility is in compliance with the provisions of California Health & Safety Code §§ 19955

3    -19959.  Plaintiff is a member of that portion of the public whose rights are protected by

4    the provisions of Health & Safety Code §§ 19955 *et seq.*  Further, Plaintiff is also

5    protected against policy and architectural barrier discrimination by California Civil Code

6    §§ 54 and 54.1, the "Disabled Persons Act."  "Individuals with disabilities or medical

7    conditions have the same right as the general public to the full and free use of the streets,

8    highways, sidewalks, walkways, public buildings, medical facilities, including hospitals,

9    clinics, and physicians' offices, public facilities, and other public places."  Civil Code

10   § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal

11   access, as other members of the general public, to accommodations, advantages, facilities,

12   . . . places of public accommodation, amusement, or resort, and other places to which the

13   general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA,

14   including but not limited to any violation of §§ 12182 and 12183, is also incorporated as a

15   violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

16          11.     Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that

17   public accommodations or facilities constructed in this state with private funds adhere to

18   the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of

19   the Government Code," and in effect since 1972.  On information and belief, the

20   provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the subject

21   Golf Course.  The code relating to such public accommodations also requires that "When

22   sanitary facilities are made available for the public, clients, or employees... they shall be

23   made available for persons with disabilities." Both Health and Safety Code section 19959

24   and Title 24, California Code of Regulations, formerly known as the California

25   Administrative Code, and now designated as the California Building Code, were in effect

26   at the time of each construction or alteration which, on information and belief, occurred at

27   such public facility since January 1, 1982, thus requiring access complying with the

28   specifications of Title 24 whenever each such "alteration, structural repair or addition"

1  was carried out.  On information and belief, Defendants and/or their predecessors in

2  interest carried out new construction and/or alterations, structural repairs, and/or additions

3  to such buildings and facilities during the period Title 24 has been in effect.  Further,

4  Plaintiff alleges, on information and belief, that construction, alterations, structural

5  repairs, and/or additions which triggered access requirements at all relevant portions of

6  the Golf Course, also occurred between July 1, 1970 and December 31, 1981, and

7  required access pursuant to the A.S.A. (American Standards Association) Regulations

8  then in effect, pursuant to the incorporated provisions of California Government Code

9  §§ 4450 *et seq*.  Further, on information and belief, additions to the building after the

10  initial construction also occurred after July 1, 1970, triggering access requirements per

11  Health and Safety Code § 19959, and as to alterations or additions after January 26, 1993,

12  triggering ADA liability and requirements per sections 12182 and 12183 of the ADA.

13        12.  **FACTUAL STATEMENT**:  Plaintiff's brother gave Plaintiff tickets for he

14  and Plaintiff to attend the Ellie Mae Classic professional golf tournament scheduled

15  August 4, 2017.  Plaintiff ARTHUR RENOWITZKY traveled with his brother to the

16  Stonebrae Golf Course to attend the tournament.  Although plaintiff drives, and has a

17  disabled parking placard, for convenience he took an Uber to the event.

18        13.  He was excited to attend his first pro golf tournament, and to see several

19  friends.  In particular, Plaintiff also looked forward to seeing his friend, Golden State

20  Warriors point guard, Stephen ("Steph") Curry, play in his first professional golf

21  tournament.

22        14.  Plaintiff, in his capacity as operator of a non-profit charity for at risk youth,

23  has worked with Steph Curry, and other Warriors players over the years, to promote spinal

24  cord injury awareness in schools, and the avoidance of violence.  Plaintiff became

25  paraplegic in 2007 from a traumatic spinal cord injury.   Plaintiff admires Mr. Curry's

26  work ethic, and tries to emulate that ethic in his own charity work.  He looked forward to

27  cheering for and supporting Mr. Curry at the Ellie Mae Classic because Mr. Curry has

28  been repeatedly and publicly supportive of Plaintiff's charity.

6

15.     Plaintiff arrived after the tournament had started.  There were tents, concession stands and promotion booths in the area.  He did not see any restrooms. On information at belief there were no accessible paths of travel to any restroom, whether permanent or temporary in nature.

16.     Plaintiff and his brother caught up to Steph Curry as he was golfing on the 12th hole, and followed Mr. Curry through the remaining holes.  Between the 12th and 15th holes, Plaintiff had need to use the restroom.  He looked around and asked other attendee in the audience whether there were any restrooms.  Another attendee told him he had used a temporary "Honeybucket" portable restroom, but that no disabled accessible restrooms were available.

17.     Finding no restroom himself, Plaintiff and his brother found a sparsely attended area of the grounds of the Tournament.  His brother stood in front of him to attempt to give Plaintiff some limited amount of privacy. Plaintiff sealed off his urine filled catheter bag, removed his catheter, and replaced both with sterile ones.  He disposed of the used materials in a nearby garbage can.  He used hand sanitizer to minimize the risk of infection to himself.  While other patrons were at a distance, Plaintiff was nevertheless visible and exposed to the crowd had someone looked in his direction.  Plaintiff felt humiliated that he could not change his catheter in private, and had to rely on his brother for what little privacy he had, because of the lack of any usable or disabled accessible restrooms.

18.     Not wanting to let the inaccessible conditions of the Golf Course prevent him from seeing Mr. Curry or remaining with his other friends, Plaintiff continued viewing the tournament.  On information and belief, some elements of the public path of travel were not accessible, and caused Plaintiff difficulty in navigating the course.

19.     At the 16th hole, Plaintiff arrived where there was a raised viewing area, seating, umbrellas for shade, and beverages and food for sale.  However, the only way to access this viewing and eating area was travel over a curb, an area of grass, and up three steps, making access impossible for Plaintiff in his wheelchair.  Some concession booths

7



were located on the ground adjacent to viewing area, but these also were located off the paved path, over a curb and a stretch of grass.  Various advertisements invited attendees to buy food and drink on that warm, sunny, August Friday, including one large sign that read "Thirsty?" and another that stated "Welcome to Deck on 16."  Plaintiff's able-bodied brother and friends enjoyed the viewing area and continued to watch Steph Curry, and other celebrity players.  The inaccessible conditions of the Deck excluded Plaintiff from both socializing with the group, purchasing refreshments, and enjoying the view of the game. This caused him self-consciousness and embarrassment.  True and correct photos of this area, taken on the day of the incident, are shown below:



COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

20.     Upon reaching the 18th hole, plaintiff had need to use the restroom again. He saw what appeared to be a clubhouse.  He approached the security staff, on information and belief agents of the named defendant, at the entrance to the this clubhouse area and asked if he could use the restroom.  A security staff member told him "No," because this was a "VIP-only area." The agent added that there aren't "any accessible restrooms there anyway."  Plaintiff inquired if there were any accessible restrooms for the general public anywhere on the premises, and the security guard said, "No."

21.     During the entirety of his time at the event, Plaintiff never saw another disabled person in a wheelchair.  Plaintiff alleges on information and belief that he was denied access to the VIP area both because the restrooms were inaccessible, and because Defendants wanted to keep disabled persons out of the VIP area, so they would not discover that the restrooms were inaccessible. .

22.     Dismissed by the security guard, Plaintiff and his brother again left to a sparsely attended area near the 18th hole to change his catheter again.  This also was a humiliating experience, both because others could see him, and he was forced to do this without even the chance to try to use the VIP restroom.

23.     After some time passed, Plaintiff and his brother decided to leave the event. Upon reaching the parking area, Plaintiff noticed there was what appeared to be a restaurant and bar across the street from the event that appeared to be part of the Stonebrae golf course facilities.  Needing to use the restroom before leaving by Uber, plaintiff crossed the street with his brother and found a restroom indoors.

24.     There was no signage anywhere at the event or posted outside of the restaurant that indicated that there were accessible restrooms inside the restaurant. Plaintiff was able to enter and use this empty restroom to change his catheter because his brother stood watch at the door.  On information and belief this restroom contained multiple access deficiencies, including the size of the restroom stall.  After using the restroom, the brothers left.

25.     On information and belief, there are other access problems which will

9

confront Plaintiff when he returns to use the premises.  Plaintiff intends to watch other public and charity events once the facilities are made accessible.  These inaccessible features include but are not limited to the following:  parking spaces, paths of travel, and other inaccessible restroom features.  Further, there is no accessible path of travel to the main clubhouse, nor throughout the sections of the course offered to the public as means of travel between each hole.

26.     These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an "Oliver" amended complaint after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases.  All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

27.     Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are re-pleaded and incorporated herein, word for word, as if separately re-pleaded herein), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

28.     Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Fourth Cause of Action, *infra*, the contents of which are re-pleaded and incorporated herein, word for word, as if separately re-pleaded), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

29.   **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair users, from full and equal access to this place of public accommodation. These facilities were open to the general public. Defendants' website shows they host weddings and other special events. Defendants sold tickets to the public to watch the golf tournament, sold food and drink to attendees, and use the accommodations on site, but did not provide full and equal access for disabled persons. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff is deterred from further patronage at the premises and attend other public events, until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons. Plaintiff alleges that he intends to return once legally required access has been provided. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified before or during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future (under the 9th Circuit's holdings in *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); and *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011). As to such facilities, Plaintiff prays leave to amend this complaint to obtain any

additional needed injunctive relief.  As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

30.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the respects complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code § 19953 and California Civil Code § 55, California Business & Professions Code §§ 17200 *et seq*., and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code § 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

31.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, and suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to Plaintiff's damages per Civil Code § 54.3, including general and statutory damages, and treble damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from returning to attempt to patronize the Golf Course and will continue to cause him damages each day this barrier discrimination continues.

32.    **TREBLE DAMAGES:**  Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1, and 54.3. At all times herein mentioned, Defendants were fully aware that significant numbers of potential users of their public facilities were and are and will be physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities.  Despite this knowledge, Defendants installed and maintained the physical barriers complained of, and failed to remove these barriers, failed to provide properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.  On information and belief, Defendants also have established and practiced policy-based discrimination toward disabled persons. On information and belief, Defendants have ignored complaints about the lack of proper disabled access by Plaintiff and by other disabled persons.  Defendants have continued their illegal and discriminatory practices despite actual knowledge that persons with physical mobility disabilities may attempt to patronize the subject Golf Course and encounter illegal barriers which deny them full and equal access when they do so.

33.    At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards. Similarly, Defendants' acts and/or omissions had a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendants have failed to rectify the violations, and presently continue a course of conduct of maintaining architectural barriers that discriminate against Plaintiff and similarly situated disabled persons.  Defendants also maintain a policy and practice of denying entry into the Clubhouse to disabled persons during public events. For the foregoing reasons, Plaintiff alleges that an award of treble damages is appropriate.

34.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the

13

law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

### SECOND CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED
### BY CIVIL CODE SECTION 51(f)

35.     Plaintiff re-pleads and incorporate by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 28 of this Complaint and incorporate them herein as if separately re-pleaded.

36.     At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, <u>disability, or medical condition</u> are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b).  [Emphasis added.]

37.     California Civil Code § 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of §§ 51 and 52.

38.     Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

14

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

39.     Any violation of the Americans with Disabilities Act of 1990 (as pleaded in the Third Cause of Action) constitutes a violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code § 52.  Per Civil Code § 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

40.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code §§ 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

41.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

1    WHEREFORE, Plaintiff prays for damages and injunctive relief as

2    hereinafter stated.

3

4

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §§ 12101 *et seq*

5

6    42.    Plaintiff re-pleads and incorporate by reference, as if fully set forth again

7    herein, the allegations contained in Paragraphs 1 through 35 of this Complaint, and

8    incorporate them herein as if separately re-pleaded.

9    43.    In 1990 the United States Congress made findings that laws were needed to

10   more fully protect "some 43,000,000 Americans [with] one or more physical or mental

11   disabilities;" that "historically, society has tended to isolate and segregate individuals with

12   disabilities;" that "such forms of discrimination against individuals with disabilities

13   continue to be a serious and pervasive social problem;" that "the Nation's proper goals

14   regarding individuals with disabilities are to assure equality of opportunity, full

15   participation, independent living, and economic self-sufficiency for such individuals;" and

16   that "the continuing existence of unfair and unnecessary discrimination and prejudice

17   denies people with disabilities the opportunity to compete on an equal basis and to pursue

18   those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

19   44.    Plaintiff is a qualified individual with a disability as defined in the

20   Rehabilitation Act and in the Americans with Disabilities Act of 1900.

21   45.    In passing the Americans with Disabilities Act of 1990 (hereinafter

22   "ADA"), Congress stated as its purpose:

23   It is the purpose of this Act

24   (1) to provide a clear and comprehensive national mandate for the
     elimination of discrimination against individuals with disabilities;

25

26   (2) to provide clear, strong, consistent, enforceable standards addressing
     discrimination against individuals with disabilities;

27   (3) to ensure that the Federal Government plays a central role in enforcing the
     standards established in this Act on behalf of individuals with disabilities; and

28

16

1

2

3

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

4

42 USC § 12101(b).

5

6

46.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 *et seq*.  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any  "golf course, or other place of exercise or recreation" and any "restaurant, bar, or other establishment serving food or drink." 42 USC § 12181(7)(B) and (L).

7

8

9

10

11

12

13

14

15

16

47.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

17

18

19

20

21

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

22

23

24

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

25

26

27

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

28

17

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

48.     The removal of each of the physical barriers, and discontinuing of discriminatory policies and practices, complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of §§ 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per § 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per § 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

49.     On information and belief, as of the date of Plaintiff's encounter at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services,

facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. §§ 12182 and 12183 of the ADA.

50.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing this Golf Club and Course, and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of § 12182 of the ADA.  42 U.S.C. § 12182.

51.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. 12188 *et seq.,* Plaintiff ARTHUR RENOWITZKY is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §§ 12182 and 12183.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to § 12188(a)(2)

> In cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an <u>order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities</u> to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, <u>modification of a policy</u>, or provision of alternative methods, to the extent required by this title. [Emphasis added.]

52.     Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff ARTHUR RENOWITZKY is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Golf

1    Course, in light of Defendants' physical premises and policy barriers.

2          WHEREFORE, Plaintiff requests relief as outlined below.

3                              **PRAYER**

4          Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth

5    in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a

6    result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged

7    herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an

8    actual controversy and opposing legal positions as to Defendants' violations of the laws of

9    the United States and the State of California. The need for relief is critical because the

10   rights at issue are paramount under the laws of the United States and the State of

11   California.

12         WHEREFORE, Plaintiff ARTHUR RENOWITZKY prays for judgment and the

13   following specific relief against Defendants:

14         1.     Issue a preliminary and permanent injunction directing Defendants as

15   current owners, operators, lessors, and/or lessees of the subject property and premises to

16   modify the above described property, premises, policies and related facilities to provide

17   full and equal access to all persons, including persons with physical disabilities, including

18   policies excluding disabled persons from using restrooms and other facilities on the

19   premises; and issue a preliminary and permanent injunction pursuant to ADA § 12188(a)

20   and state law directing Defendants to provide facilities usable by Plaintiff and similarly

21   situated persons with disabilities, and which provide full and equal access, as required by

22   law, and to maintain such accessible facilities once they are provided; and to train

23   Defendants' employees and agents in how to recognize disabled persons and

24   accommodate their rights and needs;

25         2.     Retain jurisdiction over the Defendants until such time as the Court is

26   satisfied that Defendants' unlawful policies, practices, acts and omissions, and

27   maintenance of physically inaccessible public facilities as complained of herein no longer

28   occur, and cannot recur;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

3.      Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.      Award prejudgment interest pursuant to Civil Code § 3291; and

6.      Grant such other and further relief as this Court may deem just and proper.


Date: October 31, 2017                               LAW OFFICES OF PAUL L. REIN



                                                      ___/s/ Paul L. Rein
                                                      By PAUL L. REIN, Esq.
                                                      Attorney for Plaintiff
                                                      ARTHUR RENOWITZKY


## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.


Date: October 31, 2017                               LAW OFFICES OF PAUL L. REIN



                                                      ___/s/ Paul L. Rein
                                                      By PAUL L. REIN, Esq.
                                                      Attorney for Plaintiff
                                                      ARTHUR RENOWITZKY

21