UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARTHUR RENOWITZKY,

        Plaintiff,

    v.

STONEBRAE CLUB PARTNERS, LLC, et al.,

        Defendants.

Case No. 17-cv-06330-RS

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' CROSS MOTION**

## I. INTRODUCTION

Plaintiff Arthur Renowitzky is a disabled person who uses a wheelchair for mobility.  In 2017 he attended the Ellie Mae Classic golf tournament at TPC Stonebrae, a private country club in Hayward, California. Renowitzky asserts violations of federal and state law arising from (1) an alleged lack of accessible portable restrooms on the course; 2) the failure to make the viewing platform and concession area at the 16th  hole accessible; and 3) the denial of his request to use an accessible bathroom in the clubhouse, and his later request to use an accessible portable restroom, on grounds that those particular facilities were located in areas restricted to club members or those with "VIP" access during the tournament.

Defendant Stonebrae Club Partners, LLC owns and operates the country club. Defendant PGA Tour, Inc. operates the Korn Ferry Tour, which is part of the pathway for professional golfers attempting to qualify to play on the PGA Tour. The Ellie Mae Classic was an annual event on the Korn Ferry Tour. In 2019, however, Stonebrae and the PGA Tour jointly decided to

1  discontinue the tournament permanently.

2      The parties have brought cross-motions for summary judgment. Because defendants have

3  shown the federal claims are moot, they are entitled to judgment in their favor on those claims,

4  and the state claims will be dismissed without prejudice. Renowitzky's motion will therefore be

5  denied.

6

7                              II.  LEGAL STANDARD

8      Summary judgment is proper "if the pleadings and admissions on file, together with the

9  affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

10  party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary

11  judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v.*

12  *Catrett*, 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of

13  informing the district court of the basis for its motion, and identifying those portions of the

14  pleadings and admissions on file, together with the affidavits, if any, which it believes demonstrate

15  the absence of a genuine issue of material fact." *Id*. at 323 (citations and internal quotation marks

16  omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law

17  when the non-moving party fails to make a sufficient showing on an essential element of the case

18  with respect to which he bears the burden of proof at trial. *Id*. at 322-23. The non-moving party

19  "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

20  The non-moving party cannot defeat the moving party's properly supported motion for summary

21  judgment simply by alleging some factual dispute between the parties.

22      To preclude the entry of summary judgment, the non-moving party must bring forth

23  material facts, *i.e.*, "facts that might affect the outcome of the suit under the governing law . . . .

24  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty*

25  *Lobby, Inc*., 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show

26  that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.*

27  *Zenith Radio,* 475 U.S. 574, 588 (1986). The court must draw all reasonable inferences in favor of

28

United States District Court
Northern District of California

CASE NO. 17-cv-06330-RS

2

the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. *Masson v. New Yorker Magazine*, Inc., 501 U.S. 496 (1991) (citing Anderson, 477 U.S. at 255); *Matsushita*, 475 U.S. at 588 (1986). It is the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 631 (9th Cir. 1987). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

## III.  DISCUSSION

1. *ADA Claims*

The federal claims pleaded in the operative First Amended Complaint are brought exclusively under the Americans with Disabilities Act, of 1990, 42 USC §§ 12101, *et seq.* ("ADA"). A private plaintiff may only obtain injunctive relief under the ADA, not damages. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).  Here, defendants contend Renowitzky's claims for injunctive relief under the ADA are moot, given that the Ellie Mae Classic has been discontinued and will never be held again, at Stonebrae or anywhere else.

" '[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Accordingly, a case becomes moot when there is no longer a reasonable expectation the violation will recur and when there are no existing effects of the alleged violation. *Id.*

"The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Northwest Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244

(9th Cir.1988). As such, courts routinely find ADA cases to be moot when the business operation

at issue has been closed, and there are no plans to reopen, or to lease the premises to new tenants.

*See Kohler v. Southland Foods, Inc*., 459 F. App'x 617 (9th Cir.2011) (unpublished) (affirming

district court's determination that ADA action was moot when defendant closed the restaurant that

was the subject of the action); *Johnson v. Otter*, 2019 WL 452040, at *3 (N.D. Cal. Feb. 5, 2019)

("Johnson cannot plausibly expect to encounter any of the alleged barriers in the future because

the spa is no longer in operation and the property is for sale . . . . The Court finds Johnson's ADA

claim moot . . . ."); *Steelman v. Hoch*, 2012 WL 4513864, at *1 (E.D.Mo. Oct. 1.2012) (ADA

claim moot when defendant was selling the premises and the restaurant tenant was no longer in

business); *Baltimore Neighborhoods, Inc. v. LOB Inc*., 92 F.Supp.2d 456, 462 (D.Md.2000) (ADA

claim moot when allegedly inaccessible model unit was closed with no plans to reopen it).

Here, Renowitzky insists his ADA claim is not moot because, even though the Ellie Mae

Classic will no longer be held, Stonebrae remains open. While Stonebrae is not generally open to

the public, Renowitzky points out that it advertises its facilities as available to rent for social

events such as birthday parties, and bridal showers, as well as corporate events and meetings.

Renowitzky suggests other golf tournaments could someday be held at Stonebrae, and/or the

defendant PGA Tour may hold tournaments elsewhere in the Bay Area.

None of these circumstances, existing now or as future possibilities, preclude the mootness

of Renowitzky's ADA claims. The alleged ADA violations Renowitzky seeks to pursue

specifically relate to the operation of the golf tournament. Thus, for example, if he were to be

invited to a future social or corporate event at Stonebrae where the hosts had rented out a banquet

room in the clubhouse, that would not implicate his complaints about the placement of temporary

restrooms around the golf course—or even his claim that he was not permitted into the clubhouse

to use accessible bathroom facilities there. Even if a golf tournament open to public spectators is

someday again held at Stonebrae, there is no particular reason to assume the same conditions

Renowitzky encountered in 2017 will be recreated when temporary measures are set up to address

the needs of public crowds. The argument that the PGA Tour may hold tournaments elsewhere in

the Bay Area is even more attenuated—injunctive relief is not available in this action for hypothetical, unpleaded, and speculative possible violations that might occur on different golf courses, during different tournaments.

Renowitzky offers the analogy of a concert venue, and argues that the claims of a plaintiff who encounters barriers when attending a performance by a specific band are not mooted simply because that band has completed its concert and is not scheduled to return. In that instance, however, the violations presumably would relate to permanent features of the venue, or at least to conditions that exist when the venue is set up a certain way, regardless of the identity of the specific band that is set to appear. Here, in contrast, Renowitzky's claims relate to how temporary features were set up at the Ellie Mae tournament in 2017, and how employees responded in two instances during that event when he asked for accommodation.[1]  Renowitzky's ADA claims are moot because they arose from ephemeral conditions that are not reasonably certain to recur in the same form, if at all.[2]

2.  *State law claims*

Defendants insist that Renowitzky's ADA claims would fail on the merits even if not moot, and they invite the court to conclude the state law claims also fail on the merits. As defendants also point out, however, the court has discretion to decline to exercise supplemental jurisdiction over the state law claims upon finding the ADA claims moot. This principle was demonstrated in *Oliver v. Ralphs Grocery Co*., 654 F.3d 903 (9th Cir. 2011).

> By granting summary judgment to [defendants] on [plaintiff's] ADA claim, the district court properly disposed of "all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the

---

[1] In a third instance, Renowitzky's request for accommodation was granted.

[2] The First Amended Complaint includes some references to other conditions on the property that may have existed independently of the Ellie Mae Tournament. Renowitzky, however, has not argued that he is pursuing claims based on any of those conditions nor has he pointed to any of those allegations in arguing against mootness.

United States District Court
Northern District of California

1
2
3
4
5

> balance of the factors of "judicial economy, convenience, fairness, and comity" did not "tip in favor of retaining the state-law claims" after the dismissal of the ADA claim, *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir.2010) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)) (internal quotation marks omitted), the district court did not abuse its discretion in dismissing [plaintiff's] state law claims without prejudice.

6  *Id.* at 911.

7       To be sure, where a district court has had occasion to become substantially familiar with,

8  or involved in evaluations of, the factual details of a plaintiff's ADA claim, judicial efficiency

9  may support exercising continued jurisdiction over state law claims arising from those same facts.

10 *See*, *e.g.*, *Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 911 (N.D. Cal. 2019)

11 (finding discretion to resolve merits state claims after ruling ADA claims moot). Here, however, it

12 is more appropriate to defer to the state courts to determine whether the factual record is sufficient

13 to give rise to a claim for damages under state law, which is a feature of state law not shared by

14 the ADA. Although Renowitzky complains that he should not be required to "start over" in state

15 court, there is nothing to suggest he will face an undue burden in doing so, should he wish to

16 obtain the additional remedies that state law may provide. The discovery conducted in this

17 proceeding presumably will remain available to the parties, and the case will not be starting from

18 scratch. Under all these circumstances, discretion calls for dismissal of the state law claims,

19 without prejudice.[3]

20

21  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

22 [3] Renowitzky also argues that courts more often decline to hear state claims where the federal claims are dismissed for lack of jurisdiction than when the merits of the federal claims have been reached. Mootness, however, *is* a jurisdictional barrier to addressing the merits of a claim. *See*

23 *Johnson v. Cala Stevens Creek*, *supra*, 401 F. Supp. 3d at 910 ("[T]his fact renders the request for an injunction moot and thus deprives the Court of subject matter jurisdiction . . . ."). This *is* a case

24 where lack of jurisdiction over the federal claims weighs in favor of declining jurisdiction over the state claims.

25

26

27

28

United States District Court
Northern District of California

1

2                                      IV.  CONCLUSION

3            Defendants' motion for summary judgment is granted as to the ADA claims on grounds

4    that the undisputed facts demonstrate the claims are moot. The state law claims are dismissed

5    without prejudice to refiling in state court. Plaintiff's motion is denied, without prejudice to any

6    determination of the merits of his state law claims in state court.

7

8    **IT IS SO ORDERED**.

9

10   Dated: January 12, 2021

11

12                                                 RICHARD SEEBORG
                                                   United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27

28